UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Patrick Knisely,<br><br>    Plaintiff,<br><br>v.<br><br>Southwest Credit Systems, L.P.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

5- Defendant is a corporation with its principal place of business in the State of Ohio.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around April 18, 2012, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

10- In August 2012, Plaintiff obtained a discharge that included the Debt.

11- On or around October 4, 2012, Defendant sent Plaintiff a letter declaring that the Debt was due in full.

12- At the time of this communication, Defendant knew, or should have known, that Plaintiff had filed a bankruptcy petition.

13- Defendant's attempt to collect a debt that is part of Plaintiff's bankruptcy violates the FDCPA. *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

14- Defendant damaged Plaintiff.

15- Defendant violated the FDCPA.

## COUNT I

16- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

17- Defendant violated 15 USC § 1692e(2) by trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## JURY DEMAND

22- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*